## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| THOMAS EUGENE CARR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 6:11-cv-00901-WMA-JEO |
| | ) | |
| TRENT MCCLUSKEY and THE ATTORNEY | ) | |
| GENERAL OF THE  STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

### MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person incarcerated in a State of

Alabama Correctional Facility following his conviction on the offense of first degree sexual

abuse in Walker County Circuit Court.  *See* 28 U.S.C. § 2254.  (Doc. 1).[1]  Upon consideration,

the court finds that the petition is due to be dismissed because it is barred by the applicable

statute of limitations.

### BACKGROUND

The petitioner, Thomas Eugene Carr, was indicted by a Walker County grand jury on or

about January 24, 2003, with the offense of sexual abuse by force in violation of ALABAMA

CODE § 13A-6-66.  (Ex. A).  He pled guilty on May 17, 2004.  He was immediately sentenced to

fifteen years with two years to serve and the remainder on probation.  (Ex. B. at 15-6, 8, 15-17).

Carr did not appeal his conviction, which became final on June 28, 2004.  *See* ALA. R. APP. P.

4(b).[2]

---

[1]References herein to "Doc. ___" are to the numbers assigned each document by the Clerk of the Court.

[2]References herein to "Ex. ___" are to the exhibits submitted by the respondents, located at document 12.

Carr did not file any post-conviction petitions pursuant to ALABAMA RULE OF CRIMINAL PROCEDURE 32.  (Doc. 1 at 2).

Carr is presently incarcerated following the revocation of his probation on his sexual abuse conviction.  (Doc. 12 at 1 & Ex. B at 31-33 & Ex. D).

On March 7, 2011, the Clerk of this Court received the present petition.  (Petition at p. 1).[3]  It was executed by the petitioner and placed in the mail on March 2, 2011.  (*Id*. at 6).  In the petition, he asserts (1) the plea was unlawfully induced after a change in the nature of the offense, (2) the plea was the result of a coerced confession, (3) ineffective assistance of counsel, and (4) he was denied his right of appeal.  (*Id*. at 5).  The respondents were required by this court to appear and show cause why the requested relief should not be granted.  (Doc. 9).  In response to the court's order, the respondents filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (Answer at 2-4).[4]  The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases.  (Doc. 14).  The petitioner filed a traverse.  (Doc. 16).  The matter is ripe for review.

## DISCUSSION

AEDPA, which was effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ

---

[3]The petition is located at document 1 in the file.

[4]The answer is located at document 12, and includes the exhibits referenced herein .

of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Carr's conviction became final on June 28, 2004, when the time for appealing his conviction and sentence expired after he did not file a notice of appeal.  *See* ALA. R. APP. P. 4(b). Accordingly, he had until June 28, 2005, to file his petition with this court.  He did not.  His time for filing lapsed at that point absent some exception to the general rule.

Section 2244(d)(2), as noted above, does provide that the time during which a properly filed application for State post-conviction petition is pending is not counted against the statute of limitations.  However, the petitioner did not file any post-conviction petitions to toll the running of the limitations period.

Additionally, there is no evidence the petitioner is actually innocent of the conviction

under the Alabama statute (ALA. CODE § 13A-6-66).  The undersigned finds Carr is not entitled

to further review.  *See Ray v. Mitchem*, 272 Fed. Appx. 807, 810-11, 2008 WL 887379 at *3

(11th Cir. 2008) (citing *Schlup v. Delo*, 513 U.S. 298, 317, 115 S. Ct. 851, 130 L. Ed. 2d 808

(1995)).

## CONCLUSION

Accordingly, the court finds that the petition for a writ of habeas corpus is due to be

dismissed with prejudice.  It is barred by application of the statute of limitations.  An appropriate

order will be entered.

**DONE**, this the 2nd day of March, 2012.

_____

WILLIAM M. ACKER, JR.

UNITED STATES DISTRICT JUDGE

4